An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOE TONY TORRES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67959

**FILED**

NOV 1 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a third postconviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant filed his postconviction petition on August 28, 2014, approximately 24 years after issuance of remittitur on direct appeal on January 17, 1990. *Torres v. State*, Docket No. 19395 (Order Dismissing Appeal, December 29, 1989). Therefore, the petition was untimely filed. *See* NRS 34.726(1). Additionally, his petition was successive as he previously sought postconviction relief.[2] *See* NRS 34.810(1)(b)(2). His petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Torres v. State*, Docket No. 25726 (Order Dismissing Appeal, February 10, 1998); *Torres v. State*, Docket No. 22203 (Order Dismissing Appeal, July 29, 1993).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-34607

34.810(3). Appellant did not attempt to demonstrate good cause to excuse the procedural default on the face of the petition. Further, his claim that he is actually innocent of his crimes lacks merit because that claim is grounded in legal rather than factual innocence. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (observing that actual innocence exception to excusing procedural default is grounded in factual rather than legal innocence); *Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006) (observing that "[a]ctual innocence means factual innocence, not mere legal insufficiency" (internal quotation marks omitted)). Therefore, we conclude that the district court did not err by denying appellant's petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:    Hon. Scott N. Freeman, District Judge
Joe Tony Torres
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk